UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATSON MUSIC GROUP, LLC. D/B/A QUADRASOUND MUSIC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAYGLO VENTURES LLC AND BROOKLYN BOWL LAS VEGAS, LLC,<br><br>　　　　　Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff WATSON MUSIC GROUP, LLC. D/B/A QUADRASOUND MUSIC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants Dayglo Ventures, LLC ("*Dayglo*") and Brooklyn Bowl Las Vegas LLC ("*BBLV*") (collectively "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein owns the right to certain musical works which Plaintiff licenses for commercial use.

3. According to the page transparency data on Facebook, defendant Dayglo Ventures LLC owns and operates a social media account on www.facebook.com with the name "Brooklyn Bowl Las Vegas" (the "*Account*") for the benefit of defendant Brooklyn Bowl Las Vegas LLC.

4. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or made available Plaintiff's copyrighted material on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is a Florida limited liability company with a principal place of business at

805 SE 8th Street, Deerfield Beach, Florida 33441.

6. On information and belief, defendant Dayglo Ventures LLC, is a Delaware limited liability company with a principal place of business at 104 West 29th Street, 11th Floor in Manhattan, New York.

7. On information and belief, defendant Brooklyn Bowl Las Vegas LLC, is a Delaware Limited Liability Company with a principal place of business at 104 West 29th Street, 11th Floor in Manhattan, New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Dayglo Ventures, LLC because it maintains its principal place of business in New York.

10. This Court has personal jurisdiction over Brooklyn Bowl Las Vegas LLC under the applicable long-arm jurisdictional statute of New York because while it maintains its principal place of business in Nevada, it engaged and directed Dayglo Ventures, LLC in New York to operate and maintain the Account.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12. On December 1, 1996, Jay McGown, Nathaniel Orange p/k/a Lemonhead, and Van Bryant p/k/a 69 Boyz authored a musical work titled "Space Jam" (the "*Musical Work*" or "*Work*").

13. The Musical Work was registered with the USCO on May 1, 1997, under Registration No. PA-844-835

14. Plaintiff acquired all rights to the Musical Work by way of written agreement on July 30, 2019.

B.    **Defendant's Infringing Activity**

15.    On or about September 26, 2020, Defendants posted and/or caused to be posted a discernable excerpt of the Musical Work on the Account at URL https://www.facebook.com/watch/live/?ref=watch_permalink&v=359095515243430. A copy of a screengrab of the Account including the post where the Musical Work was made available is attached hereto as Exhibit 1.

16.    Plaintiff first observed and actually discovered the Infringement on June 5, 2023.

17.    The Account is associated with Defendants.

18.    Defendants have exclusive access to post content on the Account.

19.    Defendants use the Account to promote both their business and brand whereby Defendants financially benefit.

20.    Upon information and belief, the Musical Work was copied, stored, distributed without license or permission by Defendants on the Account to be performed publicly by means of a digital audio transmission, thereby infringing on Plaintiff's exclusive rights in the copyrighted work (hereinafter the "*Infringement*").

21.    The Infringement is an exact copy of a discernable portion of Plaintiff's Musical Work that was copied and made available by Defendants for public performance on the Account.

22.    Upon information and belief, Defendants take an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, the material made available via the Account.

23.    Upon information and belief, the Musical Work was willfully and volitionally posted to the Account by Defendants.

24.    Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

25.    Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Account.

26.    Upon information and belief, Defendants have the legal right and ability to control

and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

27. Upon information and belief, Defendants monitor the content on the Account.

28. Upon information and belief, Defendants received a financial benefit directly attributable to the Infringement.

29. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendants to realize an increase in the applicable revenues generated by its merchandise sales and/or services.

30. Upon information and belief, a large number of people have listened to the unlawful copy of the Musical Work on the Account.

31. Upon information and belief, Defendants at all times had the ability to stop the reproduction and rendition of Plaintiff's copyrighted material.

32. Defendants' use of the Musical Work harmed the actual market for the Musical Work.

33. Defendants' use of the Musical Work, if widespread, would harm Plaintiff's potential market for the Musical work.

34. On June 29, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

35. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

36. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendants continued for a considerable period to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

37. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Musical Work is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendants the right to use the Musical Work nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed and publicly performed by means of a digital audio transmission works owned by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Musical Work in violation of Title 17 of the U.S. Code, in that they used for commercial benefit the original and unique Musical Work of the Plaintiff without Plaintiff's consent or authority.

43. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

46. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

47. Upon information and belief, at all material times hereto, BBLV had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members, including that of Dayglo, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

48. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendants infringed upon Plaintiff's Work which generated profits for Defendants directly from the use of the Infringement.

49. BBLV enjoyed a direct financial benefit from the Infringement.

50. Upon information and belief, BBLV enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Work to increase user traffic to the Account.

51. BBLV is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

52. Upon information and belief, BBLV willfully vicariously infringed upon Plaintiff's copyrighted Work in violation of Title 17 of the U.S. Code.

53. As a result of BBLV's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of BBLV's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against BBLV for each work infringed pursuant to 17 U.S.C. § 504(c).

54. As a result of the BBLV's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

55. As a result of BBLV's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

56. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Musical Work in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Musical Work by copying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

| | |
|---|---|
| DATED: November 19, 2024 | **SANDERS LAW GROUP** |
| | By: <u>*/s/ Craig Sanders*</u><br>Craig Sanders, Esq.<br>333 Earle Ovington Blvd, Suite 402<br>Uniondale, NY 11553<br>Tel: (516) 203-7600<br>Email: csanders@sanderslaw.group<br>*Attorneys for Plaintiff* |